**E-FILED**
Wednesday, 09 May, 2012 10:46:32 AM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| TERESA M. BECK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| AMERICAN HONDA FINANCE | ) |
| CORPORATION d/b/a/ HONDA FINANCIAL | ) |
| SERVICES, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Teresa M. Beck brings this action to secure redress from unlawful credit and collection practices engaged in by defendant American Honda Finance Corporation, d/b/a Honda Financial Services ("Honda").  Plaintiff alleges that Honda violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Uniform Commercial Code.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 1367  and 47 U.S.C. §227(b)(3).

3.      Venue and personal jurisdiction in this District are proper because:

> a.      Honda's collection communications were received by plaintiff within this District, and

> b.      Honda transacts business within this District.

## PARTIES

4.      Plaintiff Teresa M. Beck is a resident of Harvel, Illinois.

5.      Defendant Honda is a California corporation with its principal place of business in California.  It does business in Illinois.  Its registered agent and office is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

1

## FACTS

6.      Honda has been attempting to collect an auto finance debt from plaintiff.

7.      The status of the account is disputed by plaintiff.

8.      On January 13, 2012, and again on January 27, 2012, plaintiff sent Honda letters directing Honda to stop calling her cell phone.

9.      Subsequent to receiving such letters, Honda placed more than a dozen calls to plaintiff's cell phone using automated dialers and/or a recorded voice.

10.     Honda's calls included two calls on January 31, 2012, five calls on February 1, 2012, four calls on February 2, 2012, and two calls on February 3, 2012.

11.     The automated dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

12.     On or about January 21, 2012, defendant's agents attempted to repossess plaintiff's vehicle in breach of the peace, by chasing plaintiff and nearly colliding with her vehicle.  Such conduct violated 810 ILCS 5/9-609.

## COUNT I – TCPA

13.     Plaintiff incorporates paragraphs 1-11.

14.     47 U.S.C. §227(b)(1) provides, in part, as follows:

**It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States –**

**(A)     to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice....**

**(iii)     to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....**

15.     47 U.S.C. §227(b)(3) further  provides:

**A person or entity may, if otherwise permitted by the laws or rules of court**

2

of a State, bring in an appropriate court of that State –

(A)     an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B)     an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C)     both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

16.     Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

17.     Plaintiff is entitled to statutory damages.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant, for:

(1)     Statutory damages;

(2)     An injunction against further violations;

(3)     Costs of suit; and

(4)     Such other or further relief as the Court deems just and proper.

## COUNT II – UCC

18.     Plaintiff incorporates paragraphs 1-12.

19.     Under 810 ILCS 5/9-625, plaintiff is entitled to recover an amount equal to the finance charge plus 10 percent of the cash price.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendant, for:

(1)     Statutory damages;

(2)     Attorney's fees, pursuant to 815 ILCS 375/11;

3

(3)     Costs of suit; and

(4)     Such other or further relief as the Court deems just and

proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Zachary A. Jacobs
EDELMAN, COMBS, LATTURNER
& GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

4

## **VERIFICATION**

The undersigned hereby declares under penalty of perjury, as provided for by 28 U.S.C. 1746, that the facts stated in the foregoing complaint are true.

Teresa M. Beck

5

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)