IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| TERESA M. BECK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 12-cv-3133 |
| AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES, Defendant, | ) ) ) ) ) |

## OPINION

THOMAS P. SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant American Honda Corporation's (Honda) Motion for Sanctions Pursuant to FRCP 37 and FRCP 30 (d/e 33) (Motion). For the reasons set forth below, the Motion is ALLOWED in part and DENIED in part.

## BACKGROUND

Plaintiff Teresa Beck brings this case against Honda for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, the Illinois Uniform Commercial Code, 810 ILCS 5/9-625, and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2. Beck alleges that Honda violated these statutes in its efforts to collect on Beck's obligations under a retail installment contract for the purchase of a

Honda Accord automobile (Accord), including the attempted repossession of the Accord in alleged breach of the peace.  See Amended Complaint (d/e 16).

Beck filed this action on May 9, 2012.  She was represented by counsel at that time.  The parties were required to make initial disclosures under Rule 26(a) by October 7, 2012.  Scheduling Order entered August 23, 2012 (d/e 12), ¶ 1; see Fed. R. Civ. P. 26(a).  Beck's counsel served her initial disclosures on October 5, 2012.  Response to Motion for Sanctions (d/e 36) (Beck Response), attached Plaintiff's Initial Disclosures Pursuant to Rule 26(a)(1) (Rule 26 Disclosures).  The initial disclosures must include,

> a copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Fed. R. Civ. P. 26(a)(1)(A)(ii).  In response to this requirement, Beck's Rule 26 Disclosures stated,

> Ms. Beck is in possession of records of her cell phone usage documenting the times she spoke with Defendant as well as self-assembled records documenting the total number of their calls.  She is also in possession of copies of the letters sent to Defendant demanding that they cease calling her phone.

Rule 26 Disclosures, at 1. Beck did not provide copies of any of the listed documents with the Rule 26 Disclosures.

On May 23, 2013, this Court allowed Beck's counsel to withdraw from this case. Text Order entered May 23, 2013. Beck secured extensions of time to find new counsel, but was unsuccessful. See Text Order entered August 2, 2013. Beck is now proceeding pro se.

On November 21, 2013, Honda served on Beck a Second Amended Fifth Notice of Discovery Deposition (Notice of Deposition). Motion, Exhibit A, Notice of Deposition. The Notice of Deposition stated that Beck would be deposed on December 16, 2013, in Springfield, Illinois. The Notice of Deposition further required Beck to bring the following documents to the deposition:

> [Y]ou are also required to have present at the date, time and place stated all documents under the Plaintiff's possession or control which the Plaintiff intends to introduce at trial, and any and all other documents or tangible things in Plaintiff's possession or control which Plaintiff contends, in any way, is related to Plaintiff's claims against Defendant.

Notice of Deposition.

Beck appeared at the Deposition, but brought no documents or other tangible things with her. Counsel for Honda questioned Beck regarding the requested documents. During the colloquy, Beck stated that she did not bring any documents with her, and she did not know where any of her

documents were. She stated that her husband put some her documents in storage in an empty building. She did not know the location of the building or the identity of the specific records in the building. Transcript of Deposition of Teresa Beck (d/e 37) (Deposition Transcript), at 31-36.

Beck initially stated that she did not know what documents she intended to introduce at trial. Id., at 36-37. Counsel for Honda then asked Beck about the documents listed in the Rule 26 disclosures, quoted above. Beck responded, "So then you have a good idea of what records I will be providing." Id. at 37.

Counsel for Honda then asked Beck if she brought the documents listed in the Rule 26 disclosures to the deposition. Beck indicated that she did not bring any records. Id. Counsel for Honda then asked Beck if she had cell phone records. Beck stated that she did not know. She stated that she could get records from her cell phone company. Id., at 37-38. Beck also testified that she had voice recordings of voice mail messages left on her cell phone, and a video recording of an attempt to repossess the Accord in 2013. Id., at 127, 157, 179-80. She did not produce any recordings at the deposition.

Beck, however, testified that she had already produced her documents in discovery:

Q. I'm just talking about this information. This is –

A. Yeah. It's just comparable to . . .

I know you want the details, but I'm telling you I have a witness. I have as much information as I need to present to the judge to see that these things happened and that Honda broke the law, and they did so –

Q. And some of the details, of course, are on your notes and those other documents that you –

A. Some details, yes. And all of that, you know, the discovery documents were provided to you, so . . .

Q. How do you know?

A. Because I have all of the discovery information from the attorney that had the case. And those were all provided at previous dates that were given by the Court.

Q. Okay. You don't know specifically what your lawyers gave or did not give us; correct?

A. Sitting here right now, no. But I do have paperwork, all of the information that was provided by the attorney.

Q. Again, those are in those same records that you may have at your house or –

A. No. That would be in e-mail, because they sent them all PDF. So everything that you required for the discovery documents, I believe they have already provided to you prior to this, so . . .

<u>Deposition Transcript</u>, at 174-75.

During the deposition, Counsel for Honda showed Beck four

documents, in addition to the Notice of Deposition. The documents were

identified as Deposition Exhibits 1-4 to her deposition. <u>Deposition Transcript</u>, at 4, <u>List of Exhibits</u>. Counsel for Honda asked Beck about those documents. <u>See</u> <u>Deposition Transcript</u>, at 27, 141, 180, 181, 184.

<u>ANALYSIS</u>

Honda asks for sanctions against Beck for her failure to produce documents at her deposition. Honda argues that Beck's failure violated Rules 26 and 30. Beck violated Rule 30, but not Rule 26.

Honda argues that Rule 26(a) requires providing copies of documents disclosed in the initial disclosures. Honda is incorrect. As quoted above, Rule 26(a) requires disclosure of "a copy—or description by category and location—of all documents" in the party's possession that may support the claim. Fed. R. Civ. P. 26(a)(1)(iii). Beck provided a description of the disclosed documents. She also disclosed the documents' location; she disclosed that the documents were in her possession. Her disclosures met the requirements of Rule 26(a). She was not required to provide copies under Rule 26(a).

Beck, however, was required to respond to the request to produce documents at her deposition. Rule 30 governs depositions by oral examination. Rule 30 states that a party may set a deposition of the opposing party by notice. The notice further may include a request under

Rule 34 to produce documents or other tangible things at the deposition. Fed. R. Civ. P. 30(b)(2); see Fed. R. Civ. P. 34. Beck was required to produce the responsive documents or object to the request. Fed. R. Civ. P. 34(b)(2). She did neither.

The appropriate remedy for the failure to produce documents is generally governed by Rule 34. When a party fails to respond to a request to produce under Rule 34, the proper procedure is filing a motion to compel. Fed. R. Civ. P. 37(a)(1) and (a)(3)(iv). A movant can ask for sanctions for failing to respond to a request to produce, but only if the movant certifies that it "has in good faith met and conferred with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Honda has not provided such certification here.

Beck, however, impeded her deposition by ignoring the request to produce in the Notice of Deposition. Honda was entitled to include the document request with the Notice of Deposition. Fed. R. Civ. P. 30(b)(2). Beck could not ignore such a request. She brought this action, and she was required to cooperate in discovery. By ignoring the request, Beck impeded the deposition by denying Honda's counsel the opportunity to question her about the documents she intended to use to prove her case.

The Court may award sanctions for impeding a deposition. Fed. R. Civ. P. 30(d)(2). The Court finds that some sanction is appropriate in this case.

After careful consideration, the Court determines that the appropriate sanction for impeding her deposition is to prohibit Beck from using any documentary evidence (including recordings) at trial or to support or oppose a motion for summary judgment unless the evidence was produced and provided to Honda in discovery. The limited sanction prevents Beck from taking advantage of her decision not to produce documents at the deposition. She will not be able to use a document unless Honda had access to the document in discovery, and so, had an opportunity to question her about the document at the deposition. The Court notes that fact discovery closed on December 31, 2013. <u>Text Order entered October 15, 2013</u>. Thus, no additional document may be produced at this time.

The sanction should have limited effect on the parties. Beck testified at her deposition that she already produced and provided her documents in discovery. <u>Deposition Transcript</u>, at 174-75. She can use any of the documents that she produced. Honda is not prejudiced by allowing her to use these documents. Honda had the opportunity to inquire at her deposition about any documents that had already been produced in discovery. In fact, Honda's counsel asked her about four such documents

during the deposition.  Beck can use these four documents and any others that she properly produced in discovery to prove her claims.  This sanction is tailored to address only the injury caused by Beck's failure to comply with the Notice of Deposition.

The exclusions of the recordings should also have little effect on the case.  Beck does not intend to use the voice mail recordings at trial.  <u>Beck Response</u>, ¶ 14.  The video recording would be of marginal relevance because it recorded a later event that was not the basis of the lawsuit.  The video contains a recording of an attempt to repossess the Accord in 2013, which occurred after Beck filed this action.  <u>Deposition Transcript</u>, at 120, 127.[1]

Honda asks for additional sanctions because Honda claims that Beck's deposition testimony was "antagonistic, evasive and often non-responsive."  <u>Motion</u>, at 5.  The Court has reviewed the Deposition Transcript and finds that some of Beck's answers were evasive, particularly about preliminary and background information such as work experience.  <u>See</u>, <u>e.g.</u>, <u>Deposition Transcript</u>, at 19-25.  After careful consideration, the Court finds that no additional sanction is appropriate.  Beck is proceeding pro se; as such, she was alone at the deposition in an unfamiliar setting.

---

[1] Beck also did not disclose the existence of any recordings in her Rule 26 disclosures.  <u>See</u> Fed. R. Civ. P. 37(c)(1).

Her responses may have reflected caution rather than the intent to evade counsel's questions. Under these circumstances, the Court will not impose any other sanction for her responses.

THEREFORE Defendant American Honda Corporation's Motion for Sanctions Pursuant to FRCP 37 and FRCP 30 (d/e 33) is ALLOWED in part and DENIED in part. The Court prohibits Beck from using any documentary evidence (including recordings) at trial or to support or oppose a motion for summary judgment unless the evidence was produced and provided to Honda in discovery. Beck, in particular, may use the four documents that were identified as Deposition Exhibits 1-4 in her deposition.

ENTER: April 17, 2014

                     *s/ Tom Schanzle-Haskins*
                  UNITED STATES MAGISTRATE JUDGE