E-FILED
Wednesday, 20 August, 2014  11:06:45 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| TERESA M. BECK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | )   No. 12-cv-3133 |
| | ) |
| AMERICAN HONDA FINANCE CORPORATION d/b/a HONDA FINANCIAL SERVICES, | ) |
| | ) |
|     Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

    This matter comes before the Court on Plaintiff's Motion for Settlement Conference (d/e 44) (Settlement Motion), and Plaintiff's Motion for Sanctions (d/e 45) (Sanctions Motion). The parties consented to having the matter heard before this Court. Order entered May 29, 2014 (d/e 43). The Settlement Motion is ALLOWED. Defendant American Honda Finance Corporation d/b/a/ Honda Financial Services (Honda) has no objection to the Settlement Motion. For the reasons set forth below, the Sanctions Motion is DENIED.

BACKGROUND

Plaintiff Teresa M. Beck brought this action against Honda for making alleged illegal telephone calls to her cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA). Amended Complaint (d/e 16). Beck filed the action on May 9, 2012. Beck was represented by counsel when she filed this case. Beck's attorney was registered with this Court's electronic filing system (CM/ECF or PACER) and received filings electronically.

Beck filed bankruptcy during the pendency of this case. On May 22, 2013, Beck's counsel filed a motion to withdraw as counsel (d/e 23). The Court allowed the withdrawal on the next day. Text Order entered May 23, 2013. On June 4, 2013, the Bankruptcy Court dismissed Beck's bankruptcy, leaving Beck to proceed pro se in this matter. Letter from Bankruptcy Trustee dated June 5, 2013. Beck was given extensions of time to find new counsel, but was unsuccessful. See Text Order entered June 24, 2013; Text Orders entered August 2, 2013.

On September 4, 2013, this Court directed Beck and counsel for Honda "to meet and confer and tender proposed supplemental deadlines to

move this litigation forward." Text Order entered September 4, 2013 (Cudmore, M.J.).

On September 11, 2013, Beck sent an email to counsel for Honda. The body of the email stated:

> I will be representing myself in the American Honda Finance case. We will need to move forward and provide the judge with dates prior to 9/23/13. Because your client continues to refuse settlement discussions I will follow through with the deposition as previously scheduled. Please give me your first available date for the deposition. The names and positions of everyone included in the deposition will remain as it was prior to the disruption of this case; that is, as my prior attorney had scheduled it. Please send me the names and positions of everyone from Honda so I can confirm their attendance. It is my understanding that your client does not deny using automatic dialing devices; please confirm that with me so we can continue with the deposition.

Sanctions Motion, Attachment A, Email from Beck to Bruce Terlep, dated September 11, 2013.

On September 23, 2013, Honda filed Defendant's Report Regarding Rule 26(f) Conference with Plaintiff (d/e 31) (Discovery Plan). The Discovery Plan contained no certificate of service. Counsel for Honda later stated that he presumed the Discovery Plan was served on Beck by the CM/ECF system. Transcript of Proceedings on May 29, 2014 (d/e 49) (Transcript), at 20.

Counsel for Honda violated two Local Rules by not serving Beck and by not including a certificate of service. The Local Rules require a certificate of service on all filings and do not allow pro se parties to receive filings by the electronic CM/ECF system without first securing leave of court. Local Rule 5.3(C) and 5.5(B)(1).

On the same day, September 23, 2013, Beck filed a Motion to Extend (d/e 32). Beck asked for a sixty-day extension of time due to family illness. Beck stated that she would consent to being deposed and wanted to depose two Honda representatives under Rule 30(b)(6).

On September 24, 2013, Magistrate Judge Cudmore entered the following Text Order:

> TEXT ORDER by Magistrate Judge Byron Cudmore: *Pro se* Plaintiff directed to review Defendant's Report Regarding Rule 26(f) Conference 31 and submit *pro se* Plaintiff's proposed dates by 10/4/2013. If Plaintiff fails to respond, Defendant's dates will be adopted by the Court. (LB, ilcd) (Entered: 09/24/2013)

The CM/ECF Notice of Electronic Filing states that this Text Order was mailed to Beck. Beck did not respond.

On October 15, 2013, Magistrate Judge Cudmore entered the following Text Order setting the discovery schedule:

> TEXT ORDER by Magistrate Judge Byron Cudmore: *Pro se* Plaintiff's Motion to Extend 32 DENIED. The Court has reviewed Defendant's Report Regarding Rule 26(f) Conference

with Plaintiff 31 and finds the dates proposed therein to be satisfactory. New deadlines imposed as follows: All Fact Discovery due by 12/31/2013; Plaintiff`s Expert Disclosure due by 1/1/2014; Defendant`s Expert Disclosure due by 2/1/2014; Expert Discovery due by 3/15/2014; Dispositive Motions due by 4/1/2014. Final pretrial conference and trial not scheduled at this time. (LB, ilcd) (Entered: 10/15/2013)

The Clerk of Court mailed this Text Order to Beck. <u>Remark entered October 15, 2013</u>.

On May 29, 2014, Honda filed Defendant's Proposed Pretrial Order (d/e 42) (Proposed Pretrial Order). The Proposed Pretrial Order also did not include a certificate of service. The District Court held a hearing in this matter on May 29, 2014 (Hearing). Beck received a copy of the Proposed Pretrial Order during the Hearing. <u>Transcript of Proceedings (d/e 49)</u>, at 23. Beck also stated at the Hearing that she had a copy of the Discovery Plan. <u>Id.</u>, at 20.

On June 9, 2014, Beck filed the Settlement Motion and the Sanctions Motion. Beck seeks sanctions because Honda failed to serve her with the Discovery Plan and Proposed Pretrial Order.

## ANALYSIS

Beck asks for sanctions under Federal Rules of Civil Procedure 5(a), 11, 26(a), 26(g), and 37; 28 U.S.C. § 1927; 720 ILCS 5/32-2(a)

and 5/33-3(a)(b)(c); and the Court's inherent power. The Court addresses each basis for sanctions in order.

Rule 5(a)

Rule 5(a) requires parties to serve filings on opposing parties. Fed. R. Civ. P. 5(a). Honda violated Rule 5(a) by not serving the Discovery Plan on Beck.[1] Rule 5(a) does not contain a provision authorizing sanctions for violations. The Court can impose a sanction if the failure to serve resulted in any prejudice to the opposing party. Gillo v. Gary Community School Corp., 2014 WL 3767680, at *3 (N.D. Ind. July 31, 2014). In this case, the failure to serve did not result in any prejudice. The Court notified Beck immediately that the Discovery Plan had been filed and gave her time to respond and propose her own discovery schedule. The Court further mailed Beck a copy the October 15, 2013, text order setting the discovery schedule. Beck, therefore, knew of the approved discovery schedule in a timely fashion. She was not prejudiced by any lack of notice.

Beck argues that Honda caused an unreasonable delay by proposing time for additional discovery. Beck argues that additional discovery was unnecessary. The argument is unpersuasive. Beck stated in her September 11, 2013, email that she wanted to take at least one additional

---

[1] Beck received a copy of the Proposed Pretrial Order on the day it was filed. Therefore, there was no failure to serve her with that document.

deposition. She also acknowledged in her Motion to Extend (d/e 32) that both sides wanted to take depositions. She, therefore, knew that additional discovery would be necessary. She further asked for a sixty-day extension of time. She was not prejudiced by the revised discovery schedule. The Court finds no showing of prejudice by Honda's failure to serve the Discovery Plan. The request for sanctions under Rule 5(a) is denied.

Rule 11

Beck asks for sanctions under Rule 11. Rule 11 states that an attorney who signs a filing represents to the Court that: (1) the filing is not being presented for an improper purpose such as to harass or cause unnecessary delay; (2) the claims, defenses and legal contentions are warranted by existing law or nonfrivolous arguments for changes in the law; (3) the factual contentions have evidentiary support or likely will have support after further investigation; and (4) the denials of factual contentions are warranted on the evidence or based on belief or lack of information. Fed. R. Civ. P. 11(b). A party seeking Rule 11 sanctions must do so by separate motion and must serve the motion on the opposing party 21 days before filing it in court. Fed. R. Civ. P. 11(c).

Beck improperly served the Sanctions Motion under Rule 11. She served and filed the Sanctions Motion on June 9, 2014, rather than waiting

the prescribed 21 days before filing.  Therefore, the request for sanctions under Rule 11 is not properly before the Court.

In addition, Beck fails to demonstrate that counsel for Honda violated Rule 11(b) in filing the Discovery Plan.  Beck argues that Honda caused unreasonable delay by proposing additional discovery.  As discussed above, the record does not support this contention.  The case had stalled when Beck's counsel withdrew.  The Court directed the parties to propose a new discovery schedule to get the case moving.  Honda responded by proposing a revised discovery schedule that completed fact discovery in approximately 75 days and all discovery in 5 months.  Beck responded by asking for a sixty-day extension of time.  Beck also stated that she wanted to take two Rule 30(b)(6) depositions.  Under these circumstances, Honda's proposed schedule would not cause any unreasonable delay.  Beck presents no basis for sanctions under Rule 11.

<u>Rules 26(a), 26(g), and 37</u>

Beck argues that Honda violated rule 26(a)(4) by not serving the Discovery Plan.  <u>Sanctions Motion</u>, at 6.  Beck is incorrect.  Rule 26(a) directs parties to make certain mandatory discovery disclosures.  Rule 26(g) states that all discovery responses must be signed.  Rule 37 authorizes this Court to sanction a party for violations of Rule 26(a).  Fed.

R. Civ. P. 26(a), 26(g), and 37(c). Rule 26(a)(4) states that all mandatory disclosures under Rule 26(a) must be in writing, signed, and served. The Discovery Plan was not a mandatory disclosure required under Rule 26(a); therefore, Rule 26(a)(4) does not apply. Rule 26(g) requires all discovery responses to be signed. The Discovery Plan was not a response to a discovery request. Counsel for Honda also signed the Discovery Plan electronically. Discovery Plan, at 3; see Local Rule 11.4. Rule 26(g) does not apply.

Beck argues that Honda also violated Rule 26(a) because she requested names of Honda representatives in her September 11, 2013, email and Honda did not provide any names. The lack of a response to Beck's email is not a violation of Rule 26(a). Rule 26(a) requires a party to make certain disclosures at the initial phase of the case and in connection with expert witnesses. Fed. R. Civ. P. 26(a). Rule 26(a) does not require a party to respond to email requests. Beck's email, furthermore, was not a formal discovery request made under any other discovery rule. See Fed. R. Civ. P. 27-36. Beck fails to demonstrate a violation of Rule 26, and so, fails to demonstrate a right to sanctions under Rule 37.

<u>28 U.S.C. § 1927</u>

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. This Court has discretion to sanction an attorney for violating §1927:

> We have explained that a court has discretion to impose § 1927 sanctions when an attorney has acted in an "objectively unreasonable manner" by engaging in "serious and studied disregard for the orderly process of justice," *Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 119 (7th Cir.1994); pursued a claim that is "without a plausible legal or factual basis and lacking in justification," *id.;* or "pursue[d] a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound," *Kapco Mfg. Co. v. C & O Enters., Inc.,* 886 F.2d 1485, 1491 (7th Cir.1989). We have also interpreted § 1927 "to impose a continuing duty upon attorneys to dismiss claims that are no longer viable." *Dahnke v. Teamsters Local 695,* 906 F.2d 1192, 1201 n. 6 (7th Cir.1990).

<u>Jolly Group, Ltd. v. Medline Industries, Inc.</u>, 435 F.3d 717, 720 (7th Cir. 2006). In addition, sanctions under § 1927 should be imposed, "only in instances of a serious and studied disregard for the orderly processes of justice." <u>Kiefel v. Las Vegas Hacienda, Inc.</u>, 404 F.2d 1163, 1167 (7th Cir. 1968).

Honda's counsel acted in an objectively unreasonable manner when he did not comply with Local Rules 5.3(C) and 5.5(B)(1) by not serving the Discovery Plan and not filing a certificate of service.  Honda's counsel, however, did not demonstrate a serious and studied disregard for the orderly process of justice.  He misunderstood the rules regarding electronic filing with pro se litigants.  As explained above, the error caused no prejudice or delay in the proceeding.  The Court, in the exercise of its discretion, determines that no sanction is appropriate under § 1927.

<u>720 ILCS 5/32-2 and 720 ILCS 5/32-2</u>

Beck argues that sanctions are appropriate under 720 ILCS 5/32-2 and 720 ILCS 5/32-2.  These are state criminal statutes.  Such criminal statutes do not authorize this Court to impose sanctions in civil matters.  Moreover, Beck presents no evidence of a violation of either.

Section 5/32-2 provides, in part:

§ 32-2. Perjury.

(a) A person commits perjury when, under oath or affirmation, in a proceeding or in any other matter where by law the oath or affirmation is required, he or she makes a false statement, material to the issue or point in question, knowing the statement is false.

720 ILCS 5/32-2(a).  Beck argues that Honda's counsel committed perjury at the Hearing.  This is clearly wrong.  Honda's counsel was not under

oath. Furthermore, Beck only has demonstrated that Honda's counsel made a mistake about electronic filing. She failed to demonstrate that counsel made a false statement on a material issue knowing the statement to be false. There was no perjury.

Section 5/33-3 provides, in part:

> § 33-3. Official Misconduct. A public officer or employee or special government agent commits misconduct when, in his official capacity or capacity as a special government agent, he commits any of the following acts:
> . . . .
> (b) Knowingly performs an act which he knows he is forbidden by law to perform;

720 ILCS 5/33-3(b). Section 5/33-3 applies to public officials exercising public authority. See People v. Lanigan, 353 Ill.App.3d 422, 428, 818 N.E.2d 829, 900 (Ill. App. 1st Dist. 2004). The statute does not apply to private attorneys representing clients in private civil matters. Beck further fails to demonstrate any knowing wrongful conduct.

The Court's Inherent Power

Beck argues that this Court should sanction Honda under its inherent authority to sanction parties that litigate in bad faith or attempt to perpetrate a fraud on the Court. See Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). In this case, the Court sees no fraud or bad faith. Counsel for Honda violated two Local Rules when he filed the Discovery Plan. That is

all that occurred. The Magistrate Judge notified Beck of the filing of Honda's proposed discovery schedule and gave her time to propose her own schedule. Shortly thereafter, the Magistrate Judge mailed Beck a copy of the text order setting the discovery schedule when it was entered. She suffered no prejudice. The Court finds no reasons to impose any sanction.

THEREFORE Plaintiff's Motion for Settlement Conference (d/e 44) is ALLOWED, and Plaintiff's Motion for Sanctions (d/e 45) is DENIED. The parties are ordered to appear before the undersigned on September 10, 2014 at 1:30 p.m. for the purpose of participating in a settlement conference. The Plaintiff is directed to appear in person. The Defendant is directed to appear by its counsel and also by a representative with the authority to settle this matter on behalf of Defendant.

ENTER: August 20, 2014

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE